DEVOHN ASHLEY DETWILER
94-056 Nawaaakoa Street
Waipahu, HI 96797
Phone: (808) 827-6390

Defendant Pro Se



UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re ) | | Case No. 20-00612 |
| ) | | (Chapter 7) |
| DEVOHN ASHLEY DETWILER, ) | | |
| ) | | |
| Debtor. ) | | |
| _____) | | |
| ) | | |
| CHELSEA CRESPO. ) | | Adv. No. 21-90015 |
| ) | | |
| Plaintiff, ) | | DEFENDANT DEVOHN ASHLEY DETWILER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT 1 OF THE FIRST AMENDED COMPLAINT FILED ON NOVEMBER 26, 2021 |
| vs. ) | | |
| DEVOHN ASHLEY DETWILER, ) | | |
| Defendant ) | | |
| ) | | Date: January 28, 2022 |
| ) | | Time: 10:00 a.m. |
| ) | | Judge: Hon. Robert J. Faris |
| ) | | |
| ) | | Related Document No. 11 |
| _____) | | |

Defendant DEVOHN ASHLEY DETWILER hereby opposes Plaintiff's motion for summary judgment on count I of the first amended complaint filed on November 26, 2021.

**I. FACTUAL BACKGROUND**

This adversary proceeding arises from the bankruptcy of DEVOHN ASHLEY DETWILER ("Debtor"). The Debtor filed her bankruptcy petition on May 28, 2020, under Chapter 7 of the

Bankruptcy Code.

This court entered an order of discharge in the Debtor's bankruptcy case on September 9, 2020.

On December 20, 2020, Plaintiff CHELSEA CRESPO "("Plainitff") filed a complaint in the Circuit Court of the First Circuit, alleging claims for negligence, gross negligence, assault, battery, negligent infliction of emotional distress, and intentional infliction of emotional distress.

Plaintiff's claims arose from a traffic accident that occurred on December 12, 2018. The Debtor was operating a motor vehicle when she struck the Plaintiff when Plaintiff was crossing a street in the crosswalk.

As a result of this incident, the Debtor was charged on December 21, 2018, with two counts of attempted assault in the first decree under Sections 705-500 and 707-710 of the Hawaii Revised Statutes.

Section 705-500 states as follows:

§705-500 Criminal attempt. (1) A person is guilty of an attempt to commit a crime if the person:

    (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

    (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

    (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 15   Filed 01/14/22   Page 2 of 5

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

Section 707-710 reads as follows:

§707-710 Assault in the first degree. (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes:

(a) Serious bodily injury to another person; or

(b) Substantial bodily injury to a person who is sixty years of age or older and the age of the injured person is known or reasonably should be known to the person causing the injury.

(2) Assault in the first degree is a class B felony.

On April 23, 2019, the Debtor entered a guilty plea to the two charges of attempted assault.

## II. LEGAL STANDARD

In order to prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Id. at 249. In ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden. Id. at 254. On a motion for summary judgment, the inferences to be drawn from the underlying facts contained in the moving party's materials must be viewed in the light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-159 (1970).

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 15   Filed   01/14/22   Page 3 of 5

## III. ARGUMENT

On July 15, 2021, Plaintiff filed her first amended complaint seeking a determination by this court that her claim is a non-dischargeable claim under Section 523(a)(6) of the Bankruptcy Code. Plaintiff's claims arose from a traffic accident that occurred on December 12, 2018. The Debtor was operating a motor vehicle when she struck the Plaintiff when Plaintiff was crossing a street in the crosswalk.

In her motion for summary judgment, the Plaintiff relies exclusively on the guilty plea entered by the Debtor to the two charges of attempted assault in the criminal case that was brought as result of the traffic incident. The criminal complaint was brought under Sections 705-500 and 707-710 of the Hawaii Revised Statutes. Both statutes require some intentional or knowing act, but neither statute requires a finding of maliciousness.

In order to find a claim non-dischargeable under Section 523(a)(6), the court must find the injury suffered was both "willful" and "malicious". In re Barboza, 545 F.3d 702, 711 (9th Cir. 2008); In re Su, 290 F.3d 1140, 1147 (9th Cir. 2002).

The term "Willful" means deliberate or intentional. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). It requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. The creditor must show that the debtor (1) had a subjective motive to inflict the injury or (2) believed the injury was substantially certain to occur as a result of his or her conduct. In re Su, supra at 144.

A guilty verdict of criminal assault under Section 705-500 of the Hawaii Revised Statutes requires a finding the defendant "Intentionally engages in conduct" or "Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct." The requirement is a deliberate or intentional act, not a deliberate or intentional injury.

−4−

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 15   Filed 01/14/22   Page 4 of 5

The term "maliciousness" involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. Under Section 705-500 of the Hawaii Revised Statutes, there is no determination or inquiry into whether an act was malicious, including whether a particular act was done without just cause or excuse.

Where the issues in a dischargeability action were not essential to the judgment in the criminal action, the judgment in the criminal action did not apply to bar the bankruprtcy court action. In re Bullard, 449 B.R. 379, 385 (8th Cir. BAP 2011).

III. CONCLUSION

For these reasons, Defedant DEVOHN ASHLEY DETWILER requests that Plaintiff's motion for summary judgment be denied.

DATED: Honolulu, Hawaii, January 14, 2022.

*(signature)*
DEVOHN ASHLEY DETWILER
Defendant