

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 20-00612 |
| | Chapter 7 |
| DEVOHN ASHLEY DETWILER, | |
| Debtor. | |
| CHELSEA CRESPO, | Adv. Pro. No. 21-90015 |
| Plaintiff, | Dkt. 11 |
| vs. | |
| DEVOHN ASHLEY DETWILER, | |
| Defendant. | |

## MEMORANDUM OF DECISION ON
## <u>MOTION FOR SUMMARY JUDGMENT</u>

The question presented is whether the judgment based on the

debtor's conviction on a charge of attempted assault in the first degree precludes her from relitigating the issues of whether she is liable for a "willful and malicious injury" to the plaintiff. I conclude that issue preclusion applies and that plaintiff is entitled to summary judgment.

## I.    UNDISPUTED FACTS

According to the parties' concise statements of fact (ECF 13 and 16), the following facts are undisputed.

On December 12, 2018, Devohn Ashley Detwiler was driving a motor vehicle when it struck and injured Chelsea Pagaduan-Crespo and another woman named Taezha-Nicole Detwiler.[1]

On December 21, 2018, the City and County of Honolulu filed a criminal complaint against Ms. Detwiler. Count I of the complaint alleged that Ms. Detwiler "did intentionally engage in conduct which is a substantial step in a course of conduct intended or known to cause serious bodily injury to Chelsea Pagaduan-Crespo, thereby committing the offense of Attempted Assault in the First Degree in violation of Sections 705-500

---

[1] The record does not reveal whether Devohn Ashley Detwiler and Taezha-Nicole Detwiler are related.

U.S. Bankruptcy Court - Hawaii    #21-90015    Dkt # 21    Filed  02/14/22    Page 2 of 10

and 707-710 of the Hawai'i Revised Statutes." Count II made the same charge for the injury to the other woman. (ECF 13-3.)

On April 23, 2019, Ms. Detwiler pled guilty to both counts. (ECF 13-4.) In her guilty plea (*id.* at 2), she said, "I plead guilty because, after discussing all the evidence and receiving advice on the law from my lawyer, I believe that I am guilty. On December 12, 2018, in the City and County of Honolulu, State of Hawai'i, I Devohn Detwiler, intentionally engaged in conduct that was a substantial step in conduct that was known to cause serious bodily injury to Chelsea Pagaduan-Crespo" and the other woman.

On July 3, 2019, the court entered a judgment convicting Ms. Detwiler on both counts. (ECF 13-5.)

Ms. Detwiler filed a chapter 7 bankruptcy petition. Ms. Pagaduan-Crespo filed a timely complaint seeking a determination that her claims against Ms. Detwiler are excepted from discharge under Bankruptcy Code § 523(a)(6).

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure, made applicable by rule 7056 of the Bankruptcy Rules of Civil Procedure, requires the court to grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.[3] Evidence and inferences must be construed in the light most favorable to the nonmoving party.[4] The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.[5]

## III.    ISSUE PRECLUSION

Ms. Pagaduan-Crespo filed a motion for summary judgment in which she contends that the judgment of conviction precludes Ms. Detwiler from relitigating any of the issues under section 523(a)(6).

The usual rules of issue preclusion apply in bankruptcy discharge

---

[2] Fed. R. Civ. P. 56(a); *see Porter v. Cal. Dept. of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005).
[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).
[4] *Porter*, 419 F.3d at 891.
[5] *Id.*; *see Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 21   Filed  02/14/22   Page 4 of 10

litigation.[6]

The judgment of conviction was entered by a Hawai'i state court. Therefore, this court must apply Hawai'i's law of issue preclusion.[7]

A judgment of conviction in a criminal case can have issue preclusive effect in later civil litigation.[8]

Under Hawaii state law, a party asserting issue preclusion must prove that:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication. Additionally, [5] issue preclusion should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice.[9]

The second, third, fourth, and fifth parts of this test are met. The judgment of conviction is a final judgment on the merits, the court made no

---

[6] *Grogan v. Garner*, 498 U.S. 279, 284-85, 290 (1991).

[7] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")

[8] *Tradewind Ins. Co., Ltd. v. Stout*, 85 Hawaii 177, 938 P.2d 1196 (Haw. App. 1997).

[9] *Exotics Hawaii-Kona, Inc. v. E.I. Dupont de Nemours & Co.*, 104 Haw. 358, 372, 90 P.3d 250, 264 (Haw. 2004) (cleaned up).

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 21   Filed 02/14/22   Page 5 of 10

superfluous decisions in the criminal case, Ms. Detwiler was the defendant in that case, and there is no reason not to apply issue preclusion here.

To resolve the first part of the test, I must compare the issues in the criminal case and this case and determine whether they are identical.

Section 523(a)(6) excepts from the chapter 7 discharge debts incurred for "willful and malicious injury." The plaintiff has the burden of proving both "willful" and "malicious" injury by a preponderance of the evidence.[10] The malicious injury requirement is separate from the willful injury requirement.[11]

An injury is "willful" if the (1) "the debtor had a subjective motive to inflict the injury" or (2) "the debtor believed that injury was substantially certain to occur as a result of his conduct."[12] This is a purely subjective standard. "[Section] 523(a)(6) renders debt nondischargeable when there is either a subjective intent to harm, or a subjective belief that harm is

---

[10] *Grogan v. Garner*, 498 U.S. 279 (1991).

[11] *Albarran v. New Form, Inc.* (*In re Barboza*), 545 F.3d 702, 706 (9th Cir. 2008).

[12] *Ormsby v. First Am. Title Co. of Nev.* (*In re Ormsby*), 591 F.3d 1199, 1206 (9th Cir. 2010) (citation omitted); *see also Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001).

6

substantially certain."[13] Injury caused by recklessness or negligence does not constitute "willful injury."[14]

Further, it is not enough to prove that the debtor acted intentionally and caused an injury. "A 'willful' injury is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[15]

To prove that the debtor acted maliciously, the creditor must show four elements: "'(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'"[16]

Ms. Detwiler was convicted of attempted assault in the first degree. Hawai'i law defines the offenses of assault and attempt separately.

Under Hawai'i law, "A person commits the offense of assault in the first degree if the person intentionally or knowingly causes . . . [s]erious bodily injury to another person . . . ."[17]

A conviction of assault under this provision of Hawaii law establishes that the violator's conduct was willful under section 523(a)(6). A

---

[13] *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1144 (9th Cir. 2002).
[14] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).
[15] *Id*.
[16] *Jercich*, 238 F.3d at 1209 (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir.1997) (en banc)).
[17] Haw. Rev. Stat. § 707-710(1)(a).

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 21   Filed 02/14/22   Page 7 of 10

person "intentionally . . . causes" a result "when it is his conscious object to cause such a result."[18] A person "knowingly . . . causes" a result "when he is aware that it is practically certain that his conduct will cause such a result."[19] Thus, a conviction of assault rests on a finding that the accused intended to inflict injury or knew that injury was substantially certain to result from his conduct.

But Ms. Detwiler was convicted of attempted assault, so I must consider the definition of attempt under Hawaii law. Haw. Rev. Stat. § 707-500 states that:

> (1) A person is guilty of an attempt to commit a crime if the person:
>
> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
>
> (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2) When causing a particular result is an element of the crime,

---

[18] Haw. Rev. Stat. § 702-206(1)(c).
[19] Haw. Rev. Stat. § 702-206(2)(c).

U.S. Bankruptcy Court - Hawaii   #21-90015   Dkt # 21   Filed   02/14/22   Page 8 of 10

a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.[20]

As is noted above, the crime of assault requires that the accused intend to injure. Under section 705-500(1)(b) (paraphrased in Ms. Detwiler's plea agreement) and (2), the crime of attempted assault also requires that the offender intend to injure the intended victim.

Therefore, Ms. Detwiler's conviction of attempted assault preclusively establishes that she is liable to Ms. Crespo for "willful" injury.

Ms. Detwiler's conviction establishes the first three elements of the definition of "malicious" under section 523(a)(6). Her conduct was "wrongful" because it was a felony under state law; she acted intentionally; and striking a pedestrian with a motor vehicle necessarily injures the pedestrian.

---

[20] Haw. Rev. Stat. § 705-500.

9

The provisions of the Hawaii penal code quoted above do not explicitly require consideration of any "just cause or excuse." But other provisions do establish defenses and justifications that can avoid or mitigate criminal liability.[21] Ms. Detwiler's guilty plea and conviction necessarily mean that there was no legally cognizable justification for her conduct. Further, at the hearing I asked Ms. Detwiler whether she had any just cause or excuse for her conduct, and she said that she did not. (Ms. Detwiler also said that she did not intend to hurt anyone, but this is inconsistent with her guilty plea, and she cannot contradict the plea in this proceeding.)

Accordingly, plaintiff's motion for summary judgment is granted. Plaintiff's counsel is directed to prepare and circulate a proposed form of final judgment.

**END OF ORDER**

---

[21] *See, e.g.*, Haw. Rev. Stat. §§ 702-230-237, 703-300-310.